UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENYATTA ANDERSON,

    Movant,

v.                                                      Case No. 8:23-cv-392-WFJ-JSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING AND DISMISSING 28 U.S.C. § 2255 PETITION

The Court addresses the Petition to vacate judgment and sentence under 28 U.S.C. § 2255 filed by Mr. Anderson. The timely Petition is denied due to Petitioner's failure to bear his burden of proof. *Beeman v. United States,* 871 F.3d 1215, 1221 (11th Cir. 2017). No evidentiary hearing is necessary. The merits do not support a Certificate of Appealability.

As a preliminary matter the Court notes that Petitioner Anderson was represented at trial by a top-level retained trial practitioner. Petitioner was caught on tape, several times, making explicit arrangements on a venture to obtain cocaine and marijuana for a coconspirator/trafficker. The coconspirator testified against Petitioner at Petitioner's trial. Petitioner's trial strategy, which involved Petitioner testifying, was to limit the culpability to marijuana, and to admit to marijuana

trafficking as the sole, true purpose for the trip.  And indeed, Petitioner did succeed in obtaining 180 pounds of marijuana on this trip.  Crim. Doc. 121 at 240 (trial record found at 8:20-cr-81-WFJ-JSS).  Petitioner testified by admitting to the jury that he did discuss obtaining cocaine on the tapes, including difficulty cooking the source's "cut" cocaine into crack.  *Id*. at 232, 243–244.  But he stated he lied on the tapes, and engaged in the cocaine-related discussions only to "fool" the coconspirator into fronting more money for the marijuana—and not as part of any agreement to obtain cocaine.  *Id*. at 107–109, 125–136, 140, 185, 226–238, 244–245.  Limiting the exposure to marijuana and not cocaine would lessen the punishment, with the added potential of receiving favorable jury consideration given present societal views of marijuana.  This was a clever trial strategy given the clear import of the tapes.  As Petitioner told the jury, he only dealt in marijuana now because, "I don't deal in cocaine.  It's not a good look for me where I stay at, because when you enter the cocaine game . . . I'm not trying to go to prison for the rest of my life. . . . Marijuana is my—is my lane, my choice of drug to sell."  *Id*. at 233–234.

The defense strategy worked, and the jury convicted Petitioner of the charged conspiracy under 21 U.S.C. § 846, but only as to marijuana.  This finding capped Petitioner's exposure at 60 months due to 21 U.S.C. § 841(b)(1)(D), and he received that sentence plus a three-year term of supervised release.  Crim. Doc.

143. Petitioner appealed unsuccessfully. *United States v. Anderson,* No. 22-10761, 2022 WL 16938295 (11th Cir. Nov. 15, 2022).

**Ground One**: Petitioner makes a legal argument in this ground. He contends that 21 U.S.C. § 841(b)(1) (D) is constitutionally vague. This is because the five-year sentence, coupled with a three-year term of supervised release, equals eight years, and the statutory maximum is five. Although citing no precedent for this argument, Petitioner seeks resentencing to a term of combined years (custody plus supervised release) that does not exceed five.

This ground is frivolous. There is no authority for finding this very old and seasoned statute to be unconstitutionally vague. The Eleventh Circuit has rejected arguments of this type. *See United States v. Cenna,* 448 F.3d 1279 (11th Cir. 2006). Further, this ground could have been brought forward at sentencing and upon appeal. It is therefore procedurally barred. And based upon Petitioner's own testimony that the taped events were himself trafficking in 180 pounds of marijuana, Petitioner is certainly not able to avail himself of an "actual innocence" argument that might excuse a procedural bypass. *Schulp v. Delo,* 513 U.S. 298, 321 (1995).

Finally, anticipating Ground Two, this ground is frivolous. No attorney could be constitutionally ineffective for not raising this meritless Ground One argument.

**Grounds Two and Three**: These grounds expressly assert ineffective assistance of counsel. Any view of this record, however, shows a highly successful defense that permitted Petitioner to avoid an obvious cocaine trafficking conspiracy, albeit a "dry" one that produced only the secondary goal of bulk marijuana. His counsel deftly guided the defense through highly inculpatory tapes in this regard.

The familiar standard under *Strickland v. Washington*, 466 U.S. 668 (1984) requires Petitioner to show that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*).

Petitioner admitted to trafficking in narcotics, and had a prior conviction for armed cocaine trafficking. When Petitioner took the stand, this conviction became relevant. Fed. R. Evid. 609(a)(1); s*ee* Crim. Doc. 121 at 238–246. Petitioner misconstrues *Old Chief v. United States*, 519 U.S. 172 (1997). He states his lawyer was ineffective for not achieving a stipulation as to prior felony status, as if this were a felon-in-possession gun case with a non-testifying defendant. This is a frivolous application of *Old Chief*. *Old Chief* has nothing to do with a defendant, who admits drug trafficking as part of his defense strategy, taking the stand in his drug trafficking trial, with a prior drug trafficking conviction admissible under Rule 609.

As to his final ground, Petitioner contends his appellate lawyer was ineffective. This new lawyer should have included in the appellate brief that trial counsel was ineffective for the errors described above. This ground is frivolous. There are no actionable errors or righteous *Strickland* issues described above.

No evidentiary hearing is necessary. *See, e.g.*, *Townsend v. Sain,* 372 U.S. 293, 313 (1963) (remanding for evidentiary hearing). Petitioner was quite lucky to limit his exposure to five years' incarceration, given the very clear and very inculpatory tapes and direct inculpatory testimony from the coconspirator. The grounds asserted are frivolous.

Likewise, no Certificate of Appealability is appropriate for a petition entirely without merit. The Court will not approve an *in forma pauperis* motion for a clearly fruitless appeal. The Petition is dismissed. The Clerk is directed to enter judgment in favor of Respondent and close this file.

**DONE AND ORDERED** at Tampa, Florida, on July 27, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Kenyatta Anderson, *pro se*
Counsel of record

5